RING, TAX COLLECTOR, v. WATSON.[*]

(In Banc. Division A. Feb. 15, 1926.)

[107 So. 6.   No. 25411½.]

MUNICIPAL CORPORATIONS. *Sale for assessment not enjoined for unauthorized statement of mayor as to redemption.*

Sale for paving assessment may not be enjoined merely because of the unauthoritative statement of mayor that sale would be without right of redemption, which is contrary to provision of Constitution 1890, section 79; this creating no cloud on title.

------

[*]Corpus Juris-Cyc. References: Municipal Corporations, 28 Cyc., p. 1215, n. 14.

APPEAL from chancery court of Washington county. HON. E. N. THOMAS, Chancellor.

Suit by H. C. Watson against J. N. Ring, tax collector of the city of Greenville. Decree for complainant, and defendant appeals. Reversed, and bill dismissed.

*Boddie & Farish,* for appellant.

The only question to be decided by this court is: Did the following paragraph contained in the letter written by the mayor of Greenville, dated June 27, 1924, namely: "You no doubt know that the law does not provide a redemption feature on property sold for paving assessments," warrant the granting of the injunction restraining the city tax collector from collecting by sale the special assessment on appellee's property? Was it not merely an erroneous statement of the law, as it was certainly a misstatement of fact? Is there anything in the quoted paragraph that warranted the appellee in construing it to mean that any one would deny him the right to redeem his property within two years, as provided for by section 79 of the constitution? Section 307, Hemingway's Code, which appellee relies on, cannot possibly be construed to warrant the issuance of an injunction in such a case as this.

In appellee's argument to the chancellor, and we presume he will make the same argument here, he referred to the quoted paragraph in the mayor's letter of June 27, as a "declaration," admissible against the city, showing its intent to violate his rights as given by the constitution. We submit that the said paragraph warrants no such construction, and to give it such is a contortion of the English language.

We submit that the mayor of Greenville and the city attorney had no more right or authority to forbid or prevent redemption than has the president of the board of supervisors and the county attorney, or the governor and the attorney-general. All of said officers are sworn to support the constitution, and the law will indulge the presumption that they will do so, and the mere erroneous statement by the mayor that the appellee knew that "the law" made no provision for redemption, is not enough, we submit, to overthrow such presumption. The decree of the chancellor should be reversed.

*Watson & Jayne,* for appellee.

In general, a cloud on one's title is something which constitutes an apparent incumbrance upon it, or an apparent defect in it. It is something which is apparently valid, but which is in fact invalid, such clouds upon title as may be removed by courts of equity are instruments or other proceedings in writing which may appear upon the records and thereby cast doubt upon the validity of the record title. 5 Pomeroy's Equity Jurisprudence, par. 2146, p. 4828. See, also, *Whitney* v. *Port Huron,* 88 Mich. 269; *Rignon* v. *Shirk,* 127 Ill. 412, 19 N. E. 698; 5 Pomeroy, par. 2147, p. 4829; 5 Pomeroy, par. 2149, p. 4831.

The use of the injunction to prevent acts which would create a cloud upon title is governed by the same rules which control the remedy of removing a cloud from title. 4 Pomeroy, par. 1345, p. 3223; *Lehman* v. *Roberts,* 85 N. Y. 232; *Strusburgh* v. *New York,* 87 N. Y. 452; *DeDerrer* v. *Voorhees,* 81 N. Y. 154. It is equally well established that equity has jurisdiction to prevent, by means of injunctions, clouds from being cast on titles. *Pettit* v. *Shepherd,* 5 Paige 493, 28 Am. Dec. 437; *Oakley* v. *Trustees, etc.,* 6 Paige 262; *Shattuck* v. *Garrison,* 2 Calif. 588; *Norton* v. *Beaver,* 5 Ohio 178; *Bank of U. S.* v. *Schultz,* 2 Ohio 471; *Groves* v. *Webber,* 72 Ill. 606; *O'Hara* v. *Downing,* 130 Mass. 16. The execution of deeds, certificates and other instruments given on sales for taxes, though *prima-facie* valid on its face, will be enjoined. *Lindgren* v. *Doughty* (R. I.), 80 Atl. 125; *Rich* v. *Braxton,* 158 U. S. 407, 39 L. Ed. 1033.

In *Simpson County* v. *Buckley,* 81 Miss. 474, 33 So. 650, the chancery court enjoined the board of supervisors from violating the constitution of Mississippi by attempting illegally to move the courthouse from its location at that time to Edna, and that before such removal had taken place. In *Gambrell Lumber Co.* v. *Saratoga Lumber Co.,* 87 Miss. 773, 40 So. 485, it was held that a suit will lie to remove a cloud on title whether the cloud be cast by

284    Ring *v.* Watson.   [Sup. Ct.

Opinion of the Court.   [142 Miss.

a recorded instrument or by a mere assertion of a hostile claim. In *Shivers* v. *Simmons,* 54 Miss. 520, it was held that suit would lie to prevent a threatened cloud on title. See, also, *Christian* v. *O'Neill,* 46 Miss. 669; *Irwin et al.* v. *Lewis,* 50 Miss. 363; *Moody* v. *Hoskins,* 64 Miss. 468.

It is contended by counsel for the appellant that the letter from the mayor of Greenville which was introduced as evidence is irrelevant and immaterial for the reason that as claimed by the appellant, the mayor was not the city tax collector and, therefore, any assertions made by the mayor of the nature contained in letter "Exhibit A" of the testimony of appellee, were not binding on the property owner and were of no force and effect. We submit that said letter was both relevant and competent evidence to show the intent and purpose of the city of Greenville to disallow that constitutional right of redemption, and that the appellee had a right to take the mayor at his word and seek the aid of the chancery court to protect him. A municipality as well as all public bodies has a mouthpiece through which to convey information to the public, and the mayor being the highest officer of the city of Greenville, was, in that particular case, that mouthpiece. In this connection see section 39, Charter of the city of Greenville. The declaration of the mayor was admissible as evidence as against the city, showing its intention to violate complainant's rights in this cause. 1 Dillon on Municipal Corporations, par. 435, p. 765.

The statute on which appellee bases his right to a decree in this cause is section 550, Code of 1906; section 307, Hemingway's Code.

McGowen, J., delivered the opinion of the court.

This is an appeal by the city of Greenville from a decree of the chancery court making perpetual an injunction obtained by H. C. Watson against the city of Greenville perpetually restraining the city authorities from

selling the property of the complainant for paving as-
sessments upon the sole ground that the mayor of the
city of Greenville had written a letter to certain tax-
payers, in which letter the mayor advised them that
under the law, if the property was permitted to sell for
paving assessments, there would be no right of redemp-
tion.

We do not find that letter in the record which the ap-
pellee contended in the court below constituted a cloud
upon his title, and therefore entitled him to invoke equity
and remedy by injunction. The only chance we have to
get a peep at the contents of the letter is a chance quo-
tation in the brief of counsel for appellant, but we take
it that the mayor wrote some kind of a letter in which
he asserted his opinion of the law.

We find in the record an agreement dictated by Mr.
Watson, in which it is admitted that the ordinances, reso-
lutions, and municipal proceedings in connection with
said improvements were in all things regular, legal, and
valid. He admitted that he had failed to pay the assess-
ment, and that he was resisting this payment solely on the
bare unauthoritative assertion of certain officers of the
city of Greenville that the sale would be made without
the right of redemption in the taxpayer, and that such
a sale would tend to place a cloud upon the title of the
complainant.

The court below made this injunction perpetual, and
we cannot conceive upon what authority the city would
be perpetually enjoined because of some assertion of a
view of the law contrary to the action of the constituted
authorities with reference thereto.

It being admitted that no ordinance or resolution re-
lating to this paving assessment of the city was invalid,
mindful as we are of the jurisdiction of equity under the
statute to remove a cloud, we are also well aware of the
rule that a municipality can only speak through the min-
utes of its constituted authorities, and that idle bluff and
bluster cannot be made the basis of a perpetual injunc-

tion to prevent the payment of a just and lawful charge for paving, the benefits of which presumptively the complainant had received.

There being no ordinance attacked, we cannot permit an injunction to be maintained perpetually against a just debt upon a letter, the contents of which is not even before us in this record. It is not the letter of the mayor which binds the municipality, but the action of the mayor and board of aldermen or their like officials, written down in its minutes, and adopted according to law, which must control in a case of this kind. Constitution, section 79, provides for the redemption of property sold for general or special assessments, and nothing in this record discloses any intention to deprive the complainant of this right.

The decree of the chancellor will be reversed and the bill dismissed.

*Reversed, and bill dismissed.*